### QUEEN CITY CLEANING CO. v. WILLIAM B. DAVIS.

**One Selling Window Cleaning Business Including Good Will and Agreeing not to Reengage in Same Business Enjoinable.**

> One selling a window cleaning business, including the good will and with the express agreement that he would not engage in the same line of business in the same city or vicinity for the period of ten years, may be enjoined from starting a new business of the same character within the same territory, but he can not be prevented from earning a livelihood at that class of work.

*Matthews, Klein & Scanlon,* for plaintiff.

*Hunt, Bennett & Utter,* for defendant.

**JONES, O. B., J.**

This action was tried on appeal. Plaintiff was engaged in the house and window cleaning business in Cincinnati and vicinity, having built up and established a trade and business in the cleaning of windows and general house-cleaning and having secured many customers who regularly had their cleaning done by them.

The defendant, William R. Davis, doing business as the Crystal Window Cleaning Company, William R. Davis, proprietor, also had a similar business in the city of Cincinnati, with a list of numerous regular customers who had their cleaning done by him, and he had the stock and fixtures necessary for such business.

On November 9, 1915, plaintiff and defendant entered into a written contract whereby the defendant in consideration of $172.50 paid to him in cash, sold to the plaintiff all stock in trade, fixtures, paraphernalia, tools of trade and office equipment, and all contracts of every kind excepting book accounts, bills receivable and moneys due and belonging to the Crystal Window Cleaning Company, William R. Davis, proprietor; also the good will established by said Davis in connection with said business of the Crystal Widow Cleaning Company in the city of Cincinnati and vicinity. And as part of the consideration of said contract and the payment of said money, defendant further agreed that he would not during the ten years next ensuing after

November 9, 1915, either as an individual or as a company or corporation, directly or indirectly, engage, in the city of Cincinnati and vicinity, in the house and window cleaning business, and that he would refrain from starting, conducting, managing or encouraging a like or similar business within said territory for said ten years, and would in no way come in competition with plaintiff or interfere with its business or customers.

After the sale of said business, the defendant was employed by the plaintiff at a salary, to assist plaintiff in said business, and remained in such employ until April 24, 1916, when the defendant left the employ of the plaintiff and begun and still continues in the house and window cleaning business contrary to the terms of his contract, and has solicited the business and trade of his former customers, a list of whom had been furnished to the plaintiff company, and has undertaken to again secure their patronage in house and window cleaning. Plaintiff alleged that the defendant is not responsible financially, and that an action at law for damages would be wholly inadequate to prevent damage and injury to plaintiff resulting from the violation of said agreement, and that unless defendant is restrained from continuing to carry on said business an irreparable injury would be suffered by the plaintiff; and plaintiff prays for an injunction from the court, to restrain defendant from violation of his contract.

The evidence shows that the contract was entered into between the parties as alleged, and that the plaintiff purchased and paid for the business and good will of the defendant in his former business, under said contract. And as part of the transfer under said contract defendant turned over to plaintiff a list of customers with whom he had subsisting contracts for the cleaning of windows and other work. It further appears that the defendant did leave the employ of plaintiff April 24, 1916, as alleged, and went into business with one Jacon Gilman, cards for such business having been printed in the name of "City House and Window Cleaning Co., J. Gilman, Prop., W. R. Davis, Mgr., House, Office and Window Cleaners," the printing on this card being set up in the form and position of type similar to that used on the card of the Queen City Cleaning Co.

Cleaning Co. v. Davis.

It further appears that the defendant had directly solicited work for the new firm from former customers.

The law as to agreements in restraint of trade is stated by Minshall, J., in the opinion of the court, on page 602, in the case of *Lufkin Rule Co.* v. *Fringeli,* 57 Ohio St. 596 [49 N. E. Rep. 1030; 41 L. R. A. 185; 63 Am. St. Rep. 736], in the following words:

"It is the settled rule in this state that all agreements in general restraint of trade are against public policy and void; but it is held that agreements that only impose a partial restraint, made in connection with the purchase of a business, that are reasonably necessary to make available the good will purchased with the business, and are reasonable and not oppressive, may be enforced. The case of *Lange* v. *Werk,* 2 Ohio St., 519, is the leading one on the subject."

In the opinion of the court, in this case plaintiff is entitled to a judgment enjoining the defendant from soliciting any of the former customers of the business carried on by him under the name of the Crystal Window Cleaning Company, the sale of which was made to the plaintiff, or from interfering in any way with the business of the plaintiff company as acquired by it under said purchase from the defendant.

But in so far as the contract between the parties undertook to limit the right of the defendant to practice his trade or engage in his work as house and window cleaner, the court will not interfere. This work is of a menial character, and to permit a man to restrain himself by contract from earning a livelihood in this class of work, in which he may become proficient, would be contrary to public policy.

Gorman, J, concurs.

Jones, E. H., J., dissenting.

The portion of the contract upon which this action is based, which provides that the defendant, Davis, shall not engage in the work of cleaning windows within the city of Cincinnati for a period of ten years, is unreasonable and vitiates the entire contract.

The evidence shows that Davis was nothing more than an ordinary day laborer, and no matter how limited the territory

might be in which the restriction operated, the contract or agreement because of its being unreasonable and against public policy is void. This being so, a court of equity should not recognize it or grant any relief based upon its terms.

But even if the contract be binding, no damage is shown by the defendant which is irreparable and which could not be compensated in a court of law.

For these reasons I dissent from the decision above announced.